IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

JAMES KAZEN,

    Plaintiff,

v.

THE HELENKA B, ALASKAN COASTAL FREIGHT, LLC, owner of the HELENKA B; ANNA M. FLANIGAN; and BRUCE J. FLANIGAN, *in personam*,

    Defendants.

CASE NO. _____

IN ADMIRALTY

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, JAMES KAZEN ("**Plaintiff**") by and through the Law Offices of Blake Fulton Quackenbush, and for his Original Complaint against, ALASKAN COASTAL FREIGHT, LLC (dba "Alaska Coastal Freight, LLC"), ANNA M. FLANIGAN; and BRUCE J. FLANIGAN, (jointly "**Defendants**") and in support thereof, would respectfully show as follows:

### I.
### NATURE OF THE CASE

1.1    This is a suit for negligence, arising out of incidents that occurred on, about, or around on July 13, 2023, at approximately 12:30 PM, wherein Defendants' vessel recklessly, tortiously, and negligently allided with and caused injuries to Plaintiff, who was a passenger aboard a private recreational fishing vessel, which was anchored and stationary in Kachemak Bay, near Homer, Alaska, at the time of the allision.

### II.
### JURISDICTION & VENUE

2.1    The Court has jurisdiction over the parties and has subject matter jurisdiction under its admiralty and maritime jurisdiction, because the July 13, 2023, incident involved the parties and the allision occurred in the navigable waters of the United States.

2.2     **Maritime Tort Jurisdiction.** This Court has admiralty jurisdiction over Plaintiff's maritime tort claim(s) against Defendants for negligence pursuant to 46 U.S.C. §30101.[1]

2.3     **Supplemental Jurisdiction.** In the alternative, Plaintiff's claims against Defendant present a case within the jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1367.

2.4     **Venue.** Venue for maritime claims is proper pursuant to Rule 82 of the Federal Rules of Civil Procedure, and for claims over which there is supplemental jurisdiction, pursuant to 28 U.S.C. § 1391(b)(2).

## III.
## PARTIES

3.1     Plaintiff is James Kazen, a resident of Sterling, Alaska. Plaintiff is a seventy-six-year-old retired man.

3.2     The Vessel is the Defendant Helenka B, a 154.40-foot, 83-ton, craft-style vessel with a bow ramp, which is owned, managed and/or operated by Defendant, Alaskan Coastal Freight, LLC.

3.3     Defendant Alaskan Coastal Freight, LLC, d/b/a Alaska Coastal Feight, LLC, is an Alaskan limited liability company, and having its principal place of business at 3245 East End Road, Homer, Alaska. Alaskan Coastal Freight, LLC, d/b/a Alaska Coastal Feight, LLC, may be served with process by serving its registered agent for service of process, Anna M. Flanigan, PO BOX 4083, Home, Alaska 99603. The registered physical address of Alaskan Coastal Freight, LLC is 4722 Sabrina Road, Homer, Alaska 99603.

3.4     Defendant, Anna M. Flanigan, owns 51% of Alaskan Coastal Freight, LLC.

3.5     Defendant, Bruce J. Flanigan, owns 49% of Alaskan Coastal Freight, LLC.

---

[1] *See Wiedemann & Fransen APLC v. Hollywood Marine, Inc.*, 811 F.2d 864 (5th Cir. 1987) (quoting *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 266 (1972)).

## IV.
## BACKGROUND

4.1     On July 13, 2023, at approximately 12:30 PM Alaska Standard Time, James Kazen (age 76) and Gale Keel (age 67) were finishing up a day of halibut fishing in Plaintiff's 18' FishRite open-top recreational sportfishing vessel ("**AK6819AN**"). The AK6819AN was anchored and stationary on the Seldovia flats, Kachemak Bay, near Homer Alaska.

4.2     Suddenly, a 154.40-foot, 83-ton, Helenka B, rapidly approached AK6819AN and recklessly and negligently struck the immobile, anchored AK6819AN. The allision occurred without the Helenka B sounding a horn, giving emergency warning of any kind, or slowing down.

4.3     The allision injured and ejected Plaintiff and Gale Keel from the AK6819AN when it rolled in response to the Helenka B ramming into the AK6819AN's driver-side wall. The AK6819AN was violently thrust under the port bow of the massive Helenka B and the small fishing vessel scraped down the port side of the hull. The swift impact caused substantial hull damage to the AK6819AN, and water immediately poured into the vessel, causing it to ultimately sink. The Helenka B was undamaged.

4.4     The violent impact knocked Plaintiff unconscious and ejected him into the cold (52 degree) ocean water. After regaining consciousness, a short time later, albeit completely submerged under several feet of water, Plaintiff swam for his life—despite being severely injured.

4.5     When underway, Helenka B is required to have the bow ramp raised and secured with turnbuckles, which, in such a position, widely obstructs the view forward of the vessel from the pilothouse. The extent of the obstruction was dependent upon the trim of the vessel. On July 13, 2023, the trim of the Helenka B dramatically increased the obstruction of the pilot's view due to negligent loading and imbalance of the longitudinal axis of the vessel.

4.6     At the time of the allision, a pilot was supposed to be at the controls of the Helenka B and was responsible for the safe navigation of the vessel. However, the captain conducted the Helenka B knowing the Helenka B had an obstructed view from the pilot house, and the pilot negligently failed to provide additional lookouts at the bow of the Helenka B. The captain had an obligation to maintain a visual lookout, which could not be done from the pilothouse due to the bow ramp for the area directly ahead of the vessel.

4.7     A visual look out was available on each side of the bow ramp at the front of the Helenka B, because the vessel was equipped on both sides of the bow ramp with areas fit for an individual to stand and appropriately monitor the area that cannot otherwise be seen from the pilot house. Lifesaving rings are located on each side of the bow ramp.

4.8     Upon information and belief, following the allision, the captain of the Helenka B looked out the pilothouse window, witnessed the wreckage, and continued forward without any indication of stopping or immediately turning to return to the scene. At least one witness will testify that had someone not chased the Helenka B down after the allision, the Helenka B would have surely continued on without stopping at all. In the absence of assistance from bystander witnesses' vessels, the Plaintiffs would have surely perished.

4.9     The captain of the Helenka B demonstrated a wanton disregard for human life under the circumstances and disregarded the fundamental obligation to render aid to the Plaintiff under the circumstances.

4.10    Plaintiff and Ms. Keel were recovered from the ocean by two witnesses, Debbie Floyd and Daryl Floyd. However, two other witnesses, Curt Wadsworth and Katie Wadsworth, transported Plaintiff to shore where Plaintiff was met by Homer Volunteer Fire Department EMS ambulances. The Plaintiff was immediately transported to South Peninsula Hospital for treatment.

4.11 The Coast Guard investigated, classified the incident as an "allision," and determined that the initiating event of the casualty was due to the Helenka B crashing into the Victims sportfishing boat. Specifically, the report determined that the allision was largely due to (1) inadequate pilothouse visibility on the Helenka B; (2) the failure to maintain a proper lookout on the Helenka B; and (3) the improper reliance on radar to assess risk of collision on the Helenka B.

4.12 The Coast Guard referred for enforcement against the captain of the Helenka B for license suspension and revocation, as well as an imposed penalty of $5,000.

# V.
# FIRST CAUSE OF ACTION
## *Negligence*

5.1 Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

5.2 At all times material hereto, Defendant had a duty to conduct the Helenka B's safe passage aboard a seaworthy vessel, and to exercise reasonable care and effort to avoid subjecting Plaintiff to harm.

5.3 Defendant, through their agents, servants and/or employees, were careless and negligent by, *inter alia*:

    a. negligently alliding with Plaintiff; and/or

    b. negligently failing to have proper procedures in effect to avoid the Helenka B from alliding with Plaintiff; and/or

    c. negligently failing to properly maintain the Helenka; and/or

    d. negligently failing to ensure a visual lookout that could see directly ahead of the bow ramp during the Helenka B's voyage; and/or

e. negligently hiring, contracting, supervising, training, and/or retaining the persons or corporations responsible for the safe travel of the Helenka B; and/or

f. negligently loading and/or trimming the Helenka B; and/or

g. failing to observe, obey and enforce applicable safety regulations pertaining to the Helenka B.

5.4 By reason of Defendants' acts and failures to act, Plaintiff endured excruciating pain, and actual, life threatening, physical injury.

5.5 Defendants' reckless actions injured Plaintiff.

5.6 As a proximate result of the Defendants' conduct, Plaintiff was injured in mind and body, all as plead herein and subject to proof.

5.7 Defendants are jointly and severally liable.[2]

## VI.
## SECOND CAUSE OF ACTION
### *Negligent Infliction of Emotional Distress*

6.1 Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

6.2 Defendants failed to avoid causing Plaintiff emotional damage through negligence.

6.3 Plaintiff suffered severe emotional distress because of Defendants' negligence.

6.4 Defendants acted in a way that Defendants could reasonably expect would cause severe emotional distress

6.5 Defendants' actions directly and proximately caused the Plaintiff's harm.

## VII.
## JURY

7.1 Plaintiff demands a jury.

---

[2] *See Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979).

## VIII.
## PRAYER

WHEREFORE, Plaintiff prays for the following relief:

    A.    As to the First Cause of Action:

        (1) actual damages for Plaintiff's physical and emotional injuries;

        (2) exemplary damages;

        (3) attorney's fees pursuant to law;

        (4) pre- and post-judgment interest; and

        (5) court costs.

    B.    As to the Second Cause of Action:

        (1) Actual damages for Plaintiff's physical and emotional injuries;

        (2) exemplary damages;

        (3) pre- and post-judgment interest; and

        (4) court costs.

    C.    As to all causes of action, for all and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

*/s/ Blake Fulton Quackenbush*

**Blake Fulton Quackenbush, Esq.**
Law Offices of Blake Fulton Quackenbush
Alaska Bar No. 1405040
Email: Blake@BFQLaw.com
807 G Street
Suite 100
Anchorage, Alaska 99501
Telephone: (907) 868-2780
Facsimile: (907) 868-2780
Attorneys for Plaintiff